## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS OFORI,<br>2425 L Street, NW,<br>Washington, DC 20037<br><br>           Plaintiff,<br>v.<br><br>CHARLOTTESVILLE PUBLISHING GROUP LLC,<br>308 E. Main Street,<br>Charlottesville, VA 22902<br><br>           Defendant. | Civil Action No. |

## COMPLAINT

COMES NOW Plaintiff, Curtis Ofori ("Ofori"), by and through undersigned counsel, and brings this civil action to remedy libel, false light, and intentional infliction of emotional distress against him by the Charlottesville Publishing Group LLC ("CPG") through its employees and agents. Plaintiff seeks compensatory and punitive damages, injunctive and equitable relief, attorney's fees, and other costs of the action. Plaintiff asserts *respondeat superior*, where appropriate.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332, as a result of the diversity of the parties, and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. Section 1367(a). The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a) because a substantial part of the relevant events occurred in this district.

## PARTIES

3. Plaintiff, Curtis Ofori, is a twenty-nine (29) year old African American male and resident of the District of Columbia. Ofori earned his undergraduate degree in accounting and economics from the University of Virginia ("UVA") in 2005. He subsequently attended the Wharton School of Business at the University of Pennsylvania, earning a master's degree in business administration in 2012.

4. Defendant, Charlottesville Publishing Group LLC, is a Virginia corporation that operates a printing and publishing business at 308 E. Main Street, Charlottesville, VA 22902. CPG publishes a widely-circulated magazine, entitled *The Hook*, which is circulated in Charlottesville and the surrounding areas, including the District of Columbia, in both print and online formats. *The Hook's* online format is accessible worldwide over the internet at www.readthehook.com, and enjoys over half a million page views from over 100,000 unique visitors each month.

## FACTS COMMON TO ALL CLAIMS

5. On February 13, 2004, Kathryn Lindsey Russell ("Ms. Russell") engaged in consensual sex with Ofori in her apartment in Charlottesville, Virginia.

6. On February 17, 2004, Ms. Russell filed a false and misleading police report with the Charlottesville Police department claiming that she did not consent to having sex with Ofori.

7. Detective Janice Coles, a UVA Police Department Detective and Criminal Investigation analyst with over 20 years of experience, was assigned to investigate the case. Detective Coles has experience in investigating sexual assault claims and is credited with helping to investigate, capture, and prosecute a serial rapist in Albemarle

County, Virginia. Detective Coles conducted both Ms. Russell's and Ofori's interviews, interviewed additional witness, and collected all applicable physical and medical evidence. Detective Coles delivered her impartial findings to the Commonwealth Attorney's Office.

8. Warner D. Chapman has been the Commonwealth's Attorney for the City of Charlottesville since 1994. Mr. Chapman is a former board member of the Sexual Assault Resource Agency, and has experience in securing convictions against perpetrators of sexual assault. Mr. Chapman and his office thoroughly reviewed all the evidence provided to him by his staff and Detective Coles. He decided against prosecuting Ofori for Ms. Russell's false accusation.

9. On May 18, 2004, a panel of six (6) well-educated and highly-trained UVA professors, Deans, staff members, and student appointees listened to over twelve (12) hours of witness testimony, read over hundreds of pages of evidence, and then deliberated for several hours before unanimously exonerated Ofori of Russell's charges.

10. On October 18, 2004, an appellate panel of three (3) UVA law faculty members, led by the Honorable Earl C. Dudley, Jr., Professor Emeritus at the UVA School of Law, read over the panel transcript, additional responses, and witness testimony, at Ms. Russell's request. The appellate panel unanimously affirmed the preceding panel's findings.

11. Ms. Russell's allegation has been thoroughly investigated as per detective interviews, police scrutiny, prosecutorial analysis and the review of pertinent evidence and witness testimony. Overall, fifteen (15) separate, impartial and highly educated and

professionally trained individuals, officers of the court and legal jurists digested the facts, evidence, and transcripts, deliberated and decided against Ms. Russell.

12. On December 7, 2011, 6 years, 9 months and 25 days after Ms. Russell engaged in consensual sex with Ofori, *The Hook* magazine, owned by Charlottesville Publishing Group LLC, published in print, and republished online through www.readthehook.com, a defamatory and libelous article contradicting at least four (4) separate and distinct fact finding bodies.

13. Defendant's libelous article, entitled "Unsilenced: How this mother fought to protect her daughter... and yours" was maliciously published in print, and then further republished on their website, www.readthehook.com. As of the filing of this Complaint, the article remains accessible on that website.

14. Defendant's article published and/or republished numerous false and defamatory assertions of fact, of and concerning Ofori. Its defamatory statements mention Ofori specifically by name, and falsely portray him as a criminal rapist and perpetrator of a sexual assault. Defendant's false and defamatory statements include, but are not limited to, the following:

    a. "...the idea that her child's assailant would get away without any punishment sparked within her a transformation from anguished mother into fearless victim's advocate."

    b. "If mother and daughter initially expected the perpetrator would be brought to justice, however, they were both wrong."

    c. "...[Mrs. Russell] says there's only one thing that will bring her peace: the arrest and conviction of Curtis Ofori."

d.  "As soon as the two women left the bar, Ofori, the suit states, called [Ms. Russell's] suitemate, who was driving, to ask for a ride. The suitemate agreed..."

e.  "[Ms. Russell] took an air mattress from the trunk of her car, then went to her bedroom to retrieve the pump from under her bed. That's when, the suit alleges, Ofori came into her room behind her and began touching her from behind."

f.  "[Ms. Russell] objected and tried to leave the room, but she alleges Ofori grabbed her, shut the door, turned off the light and pushed her onto the bed."

g.  "The suit says [Ofori] held [Ms. Russell] down as he removed her clothes and his own, then proceeded to rape her as she pleaded for him to stop."

h.  "After raping [Ms. Russell] the first time, [Ofori] forced her to perform oral sex, the suit alleges, then raped her a second time."

i.  "Ofori, who is a student at Wharton School of Business at the University of Pennsylvania, did not respond to the Hook's emailed request for comment or to emails sent to a consulting company he heads, Certify Me Now."

j.  "According to an investigative report on [Ms. Russell's] case by the Center for Public Integrity, Ofori's defense with the UVA sexual assault board was that Kathryn had 'tacitly agreed to have sex' by not saying no, and by requesting a condom."

k.  "'What does that tell you?' [Mrs. Russell] asks, noting that Ofori offered [Ms. Russell] a $10,000 settlement when she sued him. [Ms. Russell] declined his money. 'It was insulting,' says [Ms. Russell].

l.  "*Hook* legal analyst David Heilberg says the placement of Ofori's name and likeness certainly could prompt a civil suit for libel, but it would also invite further scrutiny of incidents Ofori might prefer not to revisit. 'The truth,' notes Heilberg, 'is a valid defense.'"

## COUNT I
## LIBEL

15. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 14 above.

16. Defendant published the defamatory statements with negligent disregard for the truth because it failed to act with ordinary care with respect to whether these statements were false. Defendant also published the defamatory statements with actual malice because it knew or acted with reckless disregard as to whether these statements were false.

17. To the extent that Defendant published or republished defamatory statements about Ofori and said statements are attributed to others, CPG is not shielded from liability because the sources on which it relied were either selectively re-appropriated with the intent to mislead the audience or otherwise obviously unreliable.

18. Defendant's defamatory statements were not privileged.

19. Defendant's defamatory statements about Ofori were published in and outside of Virginia to its readership and others, and impugned his reputation in his social and professional communities.

20. Further, Defendant's imputing to Ofori the commission of a criminal offense or criminal offenses, constitutes libel *per se*.

21. Defendant, knew or should have known that Ofori was consistently exonerated of any wrongdoing, criminal or otherwise. It nevertheless intentionally and maliciously republished false and derogatory information about Ofori.

22. As a direct and proximate result of Defendant's actions, Ofori has been damaged in his trade, profession, and community standing.

## COUNT II
## FALSE LIGHT

23. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 22 above.

24. Defendant published the false statements about Ofori that place him in a false light that would be highly offensive to a reasonable person.

25. Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Ofori would be placed.

26. To the extent that Defendant published or republished false statements about Ofori and said statements are attributed to others, CPG is not shielded from liability because the sources on which it relied were either selectively re-appropriated with the intent to mislead the audience or otherwise obviously unreliable.

27. Defendant's false statements were not privileged.

28. Defendant's false statements about Ofori were published in and outside of Virginia to its readership and others, and impugned his reputation in his social and professional communities.

29. Defendant, knew or should have known that Ofori was consistently exonerated of any wrongdoing, criminal or otherwise. It nevertheless intentionally and maliciously republished false and derogatory information about Ofori.

30. As a direct and proximate result of Defendant's actions, Ofori has been damaged in his trade, profession, and community standing.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 30 above.

32. In publishing the false and defamatory article at issue, Defendant knew that said article was false and further slanted against Ofori. Further, Defendant knew that said article would devastate Ofori's reputation. Defendant nonetheless published the article and knew or should have known with substantial certainty the article would damage Ofori and cause severe emotional distress.

33. Defendant's intentional and reckless publication of the false and defamatory article, and its accompanying negative implications, constitutes outrageous conduct that grossly exceeds the bounds of socially tolerable behavior.

34. As a direct and proximate result of Defendant's outrageous conduct, Ofori has suffered severe and extended emotional distress in the form of continuing public humiliation and severe fear for their personal safety, as well as psychological harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Award Plaintiff compensatory damages in an amount in excess of $1,000,000.00;

   b. Award Plaintiff punitive damages in an amount in excess of $1,000,000.00;

   c. Award Plaintiff costs, including reasonable attorneys' fees;

   d. Permanently enjoin Defendant from further publishing the article in question and any of the defamatory statements therein; and

e. Grant Plaintiff such further relief, equitable and otherwise, as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 20, 2012

Respectfully submitted,

Donald M. Temple #408749
1101 15th Street NW
Suite 910
Washington, DC 20005
P: (202) 628-1101
dtemplelaw@gmail.com
*Attorney for Plaintiff*